### STATE OF MISSOURI, Appellant, v. COOK, Respondent.

St. Louis Court of Appeals, October 22, 1907.

APPELLATE PRACTICE: Order Granting Appeal: Jurisdiction. Unless it affirmatively appears on the record that there is an order granting an appeal to the appellate court, that court has no jurisdiction to review the case.

Appeal from St. Louis Court of Criminal Correction.—
*Hon. Hiram N. Moore, Judge.*

APPEAL STRICKEN FROM THE DOCKET.

*Phillips W. Moss* and *George H. Moore* for appellant.

The State has the right of appeal when a motion to quash an indictment is sustained. R. S. 1899, sec. 2709; State v. Burgdoerfer, 107 Mo. 16. Exclusive appellate jurisdiction in misdemeanor cases is vested in the St. Louis Court of Appeals. Sec. 12, art. 6, Constitution; sec. 5, Amendment 1884; State ex rel. v. Rombauer, 101 Mo. 504; State v. Ramsey, 110 Mo. 212; State v. Boatright, 110 Mo. 222.

*Henry S. Caulfield, Campbell Cummings* and *Paul Reiss* for respondent.

(1) The right of the State to appeal is purely statutory. In the absence of an express enabling statute an appeal will not lie; and where the statute granting the appeal is not followed the appeal will be dismissed. State v. Adams, 193 Mo. 196; State v. Smith, 190 Mo. 706; State v. Beagles, 174 Mo. 624; State v. Rozelle, 174 Mo. 632; State v. Cornelius, 143 Mo. 179; State v. Carr, 142 Mo. 607; State v. Clipper, 142 Mo. 474; State v. VanBrunt, 147 Mo. 20; United States v. Sanger, 144 U. S. 310; State v. Rowe, 22 Mo. 328; St. Louis v. White, 99 Mo. 475; State ex rel. v. Woodson, 128 Mo. 514; Excelsior Co. v. Chicago Mission, 41 Ill. App. 112. (2) No presumption of jurisdiction attaches to appellate tribunals. The burden rests upon appellant to bring himself within a reasonable construction of the statute. Hitt v. Hansel, 39 La. Ann. 113; 2 Ency. Plead. and Prac., p. 21.

NORTONI, J.—The defendant was indicted by the grand jury of the city of St. Louis, as manager of the Chemical Building, situate on the northeast corner of Olive and Eighth streets, on a charge of having failed to provide the building of which he is manager, with

fire-escapes, as required by the statute, an act approved March 24, 1903, requiring buildings more than three stories in height in certain cities to be provided with fire-escapes. The court sustained a demurrer to the indictment for several reasons assigned against it, and the State prosecutes this appeal.

In the state of the record before us, the court will not be called upon to inquire as to the sufficiency of the indictment or the propriety of the action of the trial court in sustaining the demurrer, inasmuch as the record fails to disclose an order granting the appeal to this court. The record before us shows the judgment of the court in sustaining the demurrer, orders that the defendant be discharged and to go hence without day; recites that the State, by its attorney, appeals from this judgment to the St. Louis Court of Appeals, and concludes in the following language: "And having filed an affidavit for appeal, the court grants fifteen days to file bill of exceptions." This is the only recital in the entire record with respect to the appeal to this court, although we have searched in vain for something which might be construed as an order of the court below divesting it of jurisdiction and investing this court with the same. From what appears in the record, it is to be inferred, indeed, that the appeal was granted. However that may be, a mere inference arising from the record is insufficient. There must appear affirmatively on the record an order granting the appeal and no order of the court to that effect appears. It has been pointedly determined by the Supreme Court that where the record fails to show an order granting an appeal, as in this case, no jurisdiction attaches here and the cause should consequently be stricken from the docket. [State v. Roscoe, 93 Mo. 146.]

For the reasons stated, the appeal will be stricken from the docket. It is so ordered. *Bland, P. J.,* and *Goode, J.,* concur.